1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAMADON DIALLO, *et al*,

              Plaintiffs,

      v.

THEODORE MAHR,

              Defendant.

Case No.  C07-5458FDB-KLS

ORDER TO SHOW CAUSE

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the Court on plaintiff's filing of a civil complaint against defendant.  After reviewing plaintiffs' complaint and the remainder of the record, the Court hereby finds and orders as follows:

Plaintiffs are detainees at the Northwest Detention Center located in Tacoma, Washington, some or all of whom are facing deportation.  They have filed a joint complaint alleging that defendant, a private attorney, and his law firm deceived and defrauded them and failed to properly represent them before both the Board of Immigration Appeals and the Court of Appeals.  Plaintiffs are seeking between $110,000 and $135,000 each in both compensatory and punitive damages due to the injuries caused them by defendant's "ineffective assistance of counsel." (Dkt. #1, p. 4).

1      At the outset, it must be noted that while plaintiffs name one common defendant, this matter is not

2  amenable to prosecution under one cause number and complaint.  This is because the complaint fails to

3  show such a commonality of factual and legal issues – other than the general allegation that defendant

4  defrauded and failed to properly represent them in their deportation proceedings – that consolidation of all

5  of their claims in one case is warranted.  Indeed, the complaint contains very little in the way of facts that

6  specifically relate to each plaintiff's alleged injury.

7      Accordingly, the Court shall proceed under this cause number with respect to only the first named

8  plaintiff, Mamadon Diallo.  Each of the other named plaintiffs thus hereby are dismissed from this matter.

9  Rather, should they desire to pursue their claims against defendant, they shall do so by each of them filing

10  an individual complaint, bearing his signature, under a separate cause number, along with the correct

11  court filing fee or a properly completed and signed application to proceed *in forma pauperis*.

12      With respect to Mr. Diallo and this last point, to file a complaint and initiate legal proceedings, a

13  plaintiff must either pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

14  The complaint in this matter was filed on August 30, 2007 (Dkt. #1), but was not accompanied by a filing

15  fee or *in forma pauperis* application.  Ordinarily, under such circumstances, the Court would not proceed

16  with this matter until submission of the filing fee or a proper application has been made.  However, for

17  the reasons set forth below the Court finds the complaint deficient, and one which more properly should

18  have been brought in state court.  As such, Mr. Diallo shall be granted the opportunity to voluntarily

19  dismiss the complaint without prejudice prior to paying the filing fee or requesting *in forma pauperis*

20  status.

21      A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745

22  F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a

23  complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before

24  service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing*

25  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

26      Mr. Diallo asserts the Court has jurisdiction over this matter, claiming that so long as defendant

27  resides within this district, a writ may be issued requiring defendant's appearance.  While it may be that

28  personal jurisdiction exists here, although the Court makes no specific ruling on that issue at this time, it

is clear that subject matter jurisdiction does not.  That is, Mr. Diallo has presented no federal question or other basis upon which the Court may exercise jurisdiction over the subject matter of the complaint, i.e., the claim for damages due to defendant's alleged fraud and ineffective assistance of counsel.  Rather, that claim is essentially a state law claim that therefore must be brought in state court.  Nor has Mr. Diallo set forth any specific facts showing how defendant's actions, or lack thereof, harmed him.

Under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41, a plaintiff has the right to voluntarily dismiss his or her case without order of the Court when no answer or motion for summary judgment has been filed by an adverse party.  Fed. R. Civ. P. 41(a)(1) specifically provides that dismissal as a matter of right can be foreclosed only by the filing of an answer or a motion for summary judgment.  Roddy v. Dendy, 141 F.R.D. 261, 262 (S.D. Mississippi, 1992).  Procedurally in this case, defendant has not yet been served with the complaint, nor will service of the complaint be ordered for the reasons discussed above.  As such, Mr. Diallo may dismiss the complaint by notifying the Court of his intent to do so, and, if he so chooses, then pursue redress in state court.

Lastly, the Court notes that Mr. Diallo did not sign the complaint, nor did any of the other named plaintiffs for that matter.  Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 11(a), however, "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Thus, even though Mr. Diallo is proceeding *pro se* in this matter, he is required to sign the complaint, as well as every other pleading and written motion or other paper he files with the Court.

Accordingly, the Court hereby orders Mr. Diallo to file by **no later than December 29, 2007**, (1) notification in writing of his intent to voluntarily dismiss the complaint pursuant to Fed. R. Civ. P. 41(a), or (2) file an amended complaint containing his signature, curing, if possible, the deficiencies discussed above, along with the correct court filing fee or a properly completed and signed application to proceed *in forma pauperis* or (3) show cause explaining why this matter should not be dismissed.  Failure to timely respond to this order by the above date, shall be treated as intent to dismiss this matter without prejudice pursuant to Fed. R. Civ. P. 41(a), which the Court shall do.  Failure to adequately address the above issues in an amended complaint, or failure to show proper cause, will result in a recommendation that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915.

Mr. Diallo is further advised that if he files an amended complaint, an amended pleading operates as *complete* substitute for an original pleading. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992).  Thus, should he choose to file an amended complaint, the Court will not consider the original complaint filed herein.

The Clerk is directed to send the appropriate forms to Mr. Diallo so that he may file an amended complaint if he so chooses, and to the other named plaintiffs so that they may file their complaints under separate cause numbers if they so choose.  The Clerk further is directed to send a copy of this Order to Mr. Diallo and each of the other named plaintiffs and a copy of the General Order to Mr. Diallo.

DATED this 29th day of November, 2007.


Karen L. Strombom
United States Magistrate Judge