UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAMADON DIALLO,

        Plaintiff,

v.

THEODORE MAHR,

        Defendant.

Case No.  C07-5458FDB-KLS

REPORT AND RECOMMENDATION

Noted for March 7, 2008

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter is before the Court because of plaintiff's failure to notify the Court of his current address. After reviewing the record, the undersigned recommends that the Court dismiss plaintiff's complaint for the reasons set forth below.

## DISCUSSION

On November 29, 2007, the Court issued an order to show cause noting certain deficiencies in plaintiff's complaint, along with his failure to either pay the proper filing fee or file a proper application to proceed *in forma pauperis*. (Dkt. #2). On December 5, 2007, the postal service returned the copy of that order that was sent to plaintiff at his last known address. (Dkt. #3).   Local Rule CR 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

In addition, Local Rule CR 10(f) requires parties to notify the court within ten days of a change of address. As noted above, the Court sent plaintiff a copy of the order to show cause to the address

ORDER
Page - 1

1 provided by plaintiff, even though plaintiff has the responsibility for notifying the Court of any change of
2 address.  The Court is unaware of any other place of residence or confinement for plaintiff, and, as
3 discussed above, plaintiff has failed to provide the Court with a notice of a change in his mailing address
4 or response to the Court's order to show cause.

## CONCLUSION

6 Based on the foregoing discussion, the undersigned recommends that the Court dismiss this matter
7 without prejudice for failure to prosecute pursuant to Local Rule CR 41(b)(2).

8 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the
9 parties shall have ten (10) days from service of this Report and Recommendation to file written objections
10 thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for
11 purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by
12 Rule 72(b), the clerk is directed set this matter for consideration on **March 7, 2008**, as noted in the
13 caption.

14 DATED this 11th day of February, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2